*In the United States District Court*
*for the Northern District of Illinois*
*Eastern Division*

| | |
|---|---|
| Frances Andrews, plaintiff, —v— The City of Chicago, an Illinois municipal corporation, defendant. | **Jury Trial Demanded** |

# Complaint

Plaintiff complains of defendant as follows:

## Nature of action

1. This action sues to redress the legal and equitable wrongs plaintiff suffered when defendant discriminated and retaliated against her in violation of the Americans with Disabilities Act of 1990, and/or interfered with her rights in violation of the Family and Medical Leave Act of 1993.

## Parties

2. Plaintiff is Frances Andrews, a former Deputy Commissioner of the City of Chicago, Buildings Department.

3. Defendant is the City of Chicago, an Illinois municipal corporation.

## Ms. Andrews's job history with defendant

4. Ms. Andrews began working for defendant in approximately December 1996 as a Staff Assistant in the Mayor's Office for People with Disabilities.

5. In approximately June 1998, defendant promoted Ms. Andrews to Chief Research Analyst in its Department of Revenue.

6. In early 2003 defendant again promoted Ms. Andrews to Deputy Director of its Department of Revenue.

7. In approximately September 2006, defendant transferred Ms. Andrews, this time to Deputy Commissioner of its Buildings Department, which position Ms. Andrews still held when defendant terminated her employment.

**Ms. Andrews's need for reasonable accommodation**

8. Ms. Andrews is permanently confined to a wheelchair as a result of a spinal-cord injury.

9. During Ms. Andrews's interview for the position of Deputy Commissioner of the Buildings Department in approximately September 2006, Ms. Andrews informed the Buildings Department that she had medical documentation showing that she had to attend physical therapy on a rotating every-third-day basis.

10. In response, Ms. Andrews was told not to worry about it, that the Buildings Department did not need the medical documentation, and that the Buildings Department would accommodate her.

11. When Ms. Andrews began working at defendant's Building Department, she began receiving from defendant the reasonable accommodation of having time off every third day to go to physical therapy.

**Defendant stops accommodating Ms. Andrews and fires her**

12. In mid-June 2007, Richard Rodriguez became the new Commissioner of the Buildings Department and Ms. Andrews's direct supervisor.

13. On Thursday, June 14, 2007, Ms. Andrews was told at approximately 5:00 P.M. that a meeting had been scheduled for 11:00 A.M. the next day, which was the day that was to be Commissioner Rodriguez's first day on the job.

14. Although Ms. Andrews had a previously-scheduled physical-therapy session, she made sure to arrive the next morning in time for the 11:00 A.M. meeting. When Ms. Andrews arrived the next morning, however, she was told that the meeting had been pushed back to 10:00 A.M., which had not been conveyed to her. Ms. Andrews was also told that Commissioner Rodriguez was angry that she had not been at the meeting, even though people knew that Ms. Andrews had been at her physical-therapy appointment. Ms. Andrews was also told that the following workday (Monday, June 18), there would be a morning staff meeting, which Ms. Andrews confirmed with Commissioner Rodriguez's staff assistant. Ms. Andrews had a previously-scheduled physical-therapy session that conflicted with that meeting, and she rescheduled that physical-therapy session so she could attend that meeting.

15. Monday, when Ms. Andrews arrived at work for that morning meeting, she discovered that the meeting had been changed to 2:00 P.M. Had Ms. Andrews been told that earlier, she could have attended her physical-therapy session.

16. Later that same day, Ms. Andrews met with the new Commissioner to explain her need to attend physical therapy every third day.

17. Later that week, on June 22, 2007, defendant terminated Ms. Andrews's employment.

18. At that time, defendant gave no reason for the termination of Ms. Andrews's employment.

19. Three business days after defendant terminated Ms. Andrews's employment, agents of the defendant told her to submit a resignation letter because it would be "better for her". Ms. Andrews refused that suggestion.

20. When defendant terminated Ms. Andrews's employment, Ms. Andrews had accumulated nearly 600 hours of sick time and over 20 vacation days that could have been used to accommodate her need to attend physical therapy.

21. When defendant terminated Ms. Andrews's employment, Ms. Andrews could also have used intermittent leave under the Family and Medical Leave Act to accommodate her need to attend physical therapy.

**Damages**

22. As a proximate result of having been fired, Ms. Andrews lost wages, lost employment benefits, suffered pain, and suffered other damages.

**Jurisdiction and venue**

23. This Court has jurisdiction under §107(a) of the Americans with Disabilities Act of 1990 [42 U.S.C. 12117(a)] (incorporating §706(f)(3) of Title VII of the Civil Rights Act of 1964, as amended, [42 U.S.C. §2000e-5(f)(3)]), under §107(a)(2) of the Family and Medical Leave Act of 1993 [29 U.S.C. §2617(a)(2)], and under §§1331 and 1343 of the Judicial Code [28 U.S.C. §§1331 and 1343].

24. Ms. Andrews worked for the defendant in the Northern District of Illinois, and this cause of action arose in that District. Venue is proper by §107(a) of the Americans with Disabilities Act of 1990 [42 U.S.C. 12117(a)] (incorporating

§706(f)(3) of Title VII of the Civil Rights Act of 1964, as amended, [42 U.S.C. §2000e-5(f)(3)]), and by §1391(b) of the Judicial Code [28 U.S.C. §1391(b)].

## Count I – Disability Discrimination

25.      Ms. Andrews realleges ¶¶1 through 24 of this Complaint.

**ADA coverage**

26.      In June of 2007, among other times, defendant was an "employer" within the definition of §101(5) of the Americans with Disabilities Act of 1990 [42 U.S.C.§12111(5)].

27.      In June of 2007 until defendant's termination of her employment, among other times, Ms. Andrews was an "employee" of defendant's within the definition of §101(4) of the Americans with Disabilities Act of 1990 [42 U.S.C. §12111(4)] and a "qualified individual with a disability" within the definition of §101(8) of the Americans with Disabilities Act of 1990 [42 U.S.C. §12111(8)].

**Fulfillment of conditions precedent to the bringing of this ADA claim**

28.      Ms. Andrews timely filed with the Equal Employment Opportunity Commission a Charge of Discrimination concerning matters at issue in this case. A true and correct copy of that Charge of Discrimination is attached as Exhibit 1 to this Complaint.

29.      More than 180 days have passed since the filing of that Charge of Discrimination, and the Department of Justice has issued Ms. Andrews a Notice of Right to Sue covering the allegations of that Charge of Discrimination. A true

and correct copy of that Notice of Right to Sue is attached as Exhibit 2 to this Complaint.

30. Ms. Andrews has fulfilled all conditions precedent to the bringing of this ADA claim.

**<u>Disability discrimination</u>**

31. Defendant, by the actions and/or omissions alleged, discriminated against Ms. Andrews on the basis of her disability in the terms and conditions of her employment.

32. As a proximate result of this disability discrimination, Ms. Andrews suffered the damages alleged.

***Wherefore***, plaintiff Frances Andrews prays that this Court enter orders and/or a judgment:

    a. Requiring a settlement conference pursuant to Federal Rule of Civil Procedure 16 to assist her and defendant to settle this case;

    b. Requiring defendant to post notices concerning its duty to refrain from discriminating against its employees on the basis of disability;

    c. Enjoining defendant from discriminating against its employees on the basis of disability;

    d. Requiring defendant to reinstate her to her position (or a comparable position) or, in the alternative, to pay her for such a position for a reasonable time into the future;

  e.  Requiring defendant to pay her back pay, employment benefits, and other compensation lost to her as a result of defendant's discriminating against her on the basis of her disability;

  f.  Requiring defendant to pay her prejudgment interest at the prevailing rate on the award of back pay, lost employment benefits, and other compensation lost to her as a result of defendant's discriminating against her on the basis of her disability;

  g.  Requiring defendant to pay her compensatory damages for the harm she suffered as a result of defendant's discriminating against her on the basis of her disability;

  h.  Requiring defendant to pay reasonable attorney's fees, expert witness fees, expenses, and costs of this action and of prior administrative actions; and

  i.  For such other relief as this Court deems just and appropriate.

## Count II – ADA Retaliation

33.  Ms. Andrews realleges ¶¶25 through 30 of this Complaint.

34.  Defendant, by the actions and/or omissions alleged, retaliated against Ms. Andrews in the terms and conditions of her employment in violation of the Americans with Disabilities Act of 1990.

35.  As a proximate result of this retaliation, Ms. Andrews suffered the damages alleged.

***Wherefore***, plaintiff Frances Andrews prays that this Court enter orders and/or a judgment:

7

a.       Requiring a settlement conference pursuant to Federal Rule of Civil Procedure 16 to assist her and defendant to settle this case;

b.       Requiring defendant to post notices concerning its duty to refrain from retaliating against its employees in violation of the Americans with Disabilities Act;

c.       Enjoining defendant from retaliating against its employees in violation of the Americans with Disabilities Act;

d.       Requiring defendant to reinstate her to her position (or a comparable position) or, in the alternative, to pay her for such a position for a reasonable time into the future;

e.       Requiring defendant to pay her back pay, employment benefits, and other compensation lost to her as a result of defendant's retaliating against her in violation of the Americans with Disabilities Act;

f.       Requiring defendant to pay her prejudgment interest at the prevailing rate on the award of back pay, lost employment benefits, and other compensation lost to her as a result of defendant's retaliating against her in violation of the Americans with Disabilities Act;

g.       Requiring defendant to pay her compensatory damages for the harm she suffered as a result of defendant's retaliating against her in violation of the Americans with Disabilities Act;

h.       Requiring defendant to pay reasonable attorney's fees, expert witness fees, expenses, and costs of this action and of prior administrative actions; and

      i.      For such other relief as this Court deems just and appropriate.

## Count III – FMLA Interference

36.      Ms. Andrews realleges ¶¶1 through 24 of this Complaint.

**<u>FMLA coverage</u>**

37.      In June of 2007, among other times, defendant was an "employer" within the definition of §101(4)(A) of the Family and Medical Leave Act of 1993 [29 U.S.C. §2611(4)(A)].

38.      In June of 2007 until defendant's termination of her employment, among other times, Ms. Andrews was an "eligible employee" within the definition of §101(2) of the Family and Medical Leave Act of 1993 [29 U.S.C. §2611(2)].

**<u>FMLA interference</u>**

39.      When defendant decided to fire Ms. Andrews it anticipated or feared that she would use Family and Medical Leave in the future. The allegations of this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation and/or discovery.

40.      Defendant, by firing Ms. Andrews interfered, in violation of the anti-interference provisions of §105(a) of the Family and Medical Leave Act of 1993 [29 U.S.C. §2615(a)] and/or of the Department of Labor's anti-retaliation and anti-discrimination regulation [29 C.F.R. §825.220], with her exercise of her then-current Family and Medical Leave Act rights and/or with her exercise of her then-future Family and Medical Leave Act rights.

41. Defendant willfully violated the Family and Medical Leave Act. The allegations of this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation and/or discovery.

42. As a proximate result of this interference, Ms. Andrews suffered the damages alleged.

**Wherefore**, Plaintiff Frances Andrews prays that this Court enter orders and/or a judgment:

   a. Requiring a settlement conference pursuant to Federal Rule of Civil Procedure 16 to assist her and defendant to settle this case;

   b. Requiring defendant to pay her wages, employment benefits, and other compensation lost to her as a result of defendant's interference with her rights under the Family and Medical Leave Act of 1993;

   c. Requiring defendant to pay her prejudgment interest at the prevailing rate from the date she was retaliated against to the date of judgment on the award of wages, employment benefits, and other compensation lost to her as a result of defendant's interference with her rights under the Family and Medical Leave Act of 1993;

   d. Requiring defendant to pay her liquidated damages doubling the award of interest, wages, lost employment benefits, and other compensation lost to her as a result of defendant's interference with her rights under the Family and Medical Leave Act of 1993;

e. Requiring defendant to reinstate her to her position (or a comparable position) or, in the alternative, to pay her for such a position for a reasonable time into the future;

f. Requiring defendant to pay reasonable attorney's fees and the costs and expenses of this action; and

g. For such other relief as this Court deems just and appropriate.

Frances Andrews,
Plaintiff,


By: s/David L. Lee
Her attorney


David L. Lee
ARDC #1604422
LAW OFFICES OF DAVID L. LEE
53 W. Jackson Blvd., Suite 505
Chicago, IL 60604
d-lee@davidleelaw.com
312-347-4400